FILED
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

205 SEP 12  A 10: 17

------------------------------------------------------------------------------x SD. OF N.Y. W.P.

SUSAN BRESCIA

                Plaintiff,

     -against-

# 05 CIV. 7948

**COMPLAINT
<u>JURY TRIAL
DEMANDED</u>**

**ECF CASE**

CEIL SIA; individually and as an employee of
TOWN OF GREENBURGH; PAUL FEINER, TOWN SUPERVISOR
TOWN OF GREENBURGH; ALFREDA WILLIAMS, individually
and as TOWN CLERK, TOWN OF GREENBURGH;
and TOWN OF GREENBURGH

**BRIEANT**

                   Defendants.

------------------------------------------------------------------------------x

     **COMES NOW THE PLAINTIFF**, SUSAN BRESCIA by and through her attorneys,
LENIHAN & ASSOCIATES, LLC, as and for her complaint against the named defendants,
alleges as follows:

## NATURE OF THE ACTION

1.    This action arises from the unlawful termination of the Plaintiff as an employee of

the TOWN OF GREENBURGH; by the unlawful removal of the plaintiff,

SUSAN BRESCIA as an employee of Defendant TOWN OF GREENBURGH by

raising false allegations of misconduct and employment deficiencies, by the denial

of the Plaintiff's rights 42 U.S.C. § 1983 for violations under the First

Amendment of the United States Constitution by the Defendant TOWN OF

GREENBURGH and CEIL SIA;  by the intentionally fraudulent submission of

altered documents in a proceeding before the Defendant TOWN OF

GREENBURGH BOARD OF TRUSTEES to determine the propriety of the

unlawful removal of the Plaintiff as an employee from defendant TOWN OF

GREENBURGH; by the retaliatory termination of Plaintiff by Defendants and

each of them in retribution for her exercise of her duties as a shop steward in the

Civil Servant's Employees Association [hereinafter CSEA]; for declaratory relief

pursuant to 28 U.S.C. § 2201, and under 42 U.S.C. § 1983, compensatory and

punitive damages for violation of her civil rights.

## JURISDICTION

2.      This action arises, *inter alia*,  under 42 U.S.C. § 1983 and pursuant to the First

and Fourteenth Amendments to the United States Constitution, requiring that the

Plaintiff and others similarly situated not be terminated from employment for

exercising their rights to freedom of speech; from the wrongful and retaliatory

termination of Plaintiff from her employment with the Defendant TOWN OF

GREENBURGH, and for other *mesne* violations.  Jurisdiction of this Court is

invoked pursuant to Title 28 United States Code Sections 1331, 1343(3) and (4).

This Court has supplemental jurisdiction of state law claims pursuant to 28 United

States Code section 1367(a).

## VENUE

3.      Venue in this, the Southern District of New York,  is proper under Title 28 United

States Code Section 1391(a).  All defendants reside in this District, and all of the

events giving rise to the claim asserted herein occurred within the District.

## PARTIES

4.      At all times relevant to this action, plaintiff SUSAN BRESCIA was and is a

resident of the City of Yonkers, County of Westchester, State of New York. That

at all times hereinafter mentioned, plaintiff was employed as an Assistant Court

Clerk at the JUSTICE COURT of the TOWN OF GREENBURGH.  Plaintiff, a Civil Service Employees Association "CSEA" shop steward, was  a nonpermanent employee whose rights under the CSEA collective bargaining agreement had not yet vested and for whom any termination prior to her appointment as a permanent position would leave her without recourse to the very CSEA union, for which she acted as shop steward.

5.      Upon information and belief, DEFENDANT CEIL SIA [hereinafter "SIA"], is and was at all relevant times, a resident of the TOWN OF GREENBURGH, located within the territorial limits of WESTCHESTER COUNTY, State of New York. At all relevant times "SIA" was and remains an employee of the Defendant TOWN OF GREENBURGH [hereinafter "GREENBURGH"] employed as a Court Clerk in the TOWN OF GREENBURGH JUSTICE COURT and a member of the Civil Service Employees Association CSEA in a non-managerial capacity a the same level, capacity and status as Plaintiff BRESCIA.   At all times material to this Complaint, this defendant was also acting in her capacity as a member of Defendant GREENBURGH'S JUSTICE COURT, and acted toward plaintiff under color of statutes, ordinances, customs and usage of the State of New York.

6.      Upon information and belief, the Defendant PAUL FEINER, TOWN SUPERVISOR, TOWN OF GREENBURGH  [hereinafter "FEINER"], is and was at all relevant times, a resident of the TOWN OF GREENBURGH, located within the territorial limits of WESTCHESTER COUNTY, State of New York.  At all relevant times "FEINER" was remains an employee of the Defendant  TOWN OF GREENBURGH [hereinafter "GREENBURGH"] employed as a TOWN SUPERVISOR in the TOWN OF GREENBURGH.   At all times material to this Complaint, this defendant was also acting in his capacity as a member of

Defendant GREENBURGH'S TOWN BOARD, and acted toward plaintiff under color of statutes, ordinances, customs and usage of the State of New York.

7.     Upon information and belief, the Defendant ALFREDA WILLIAMS, individually and as TOWN CLERK, TOWN OF GREENBURGH [hereinafter "WILLIAMS"], is and was at all relevant times, a resident of the TOWN OF GREENBURGH, located within the territorial limits of WESTCHESTER COUNTY, State of New York.  At all relevant times "WILLIAMS" was remains an employee of the Defendant  TOWN OF GREENBURGH [hereinafter "GREENBURGH"] employed as a TOWN CLERK in the TOWN OF GREENBURGH.   At all times material to this Complaint, this defendant was also acting in her capacity as a member of Defendant GREENBURGH TOWN BOARD, and acted toward plaintiff under color of statutes, ordinances, customs and usage of the State of New York.

8.     Upon information and belief, the Defendant  TOWN OF GREENBURGH is a Municipal Corporation within New York State. That at all times hereinafter mentioned defendant TOWN OF GREENBURGH [hereinafter, GREENBURGH] was and still is located in Westchester County, State of New York.

## **FACTUAL BACKGROUND**

9.     Upon information and belief, in May 2003, the New York State Office of Court Administration [hereinafter OCA] took over management of the Greenburgh Town Court, in the midst of a comprehensive audit of its financial records, after two years of routine annual audits clearly displayed cash management and managerial problems and money was unaccounted for in the Court.

10.   Upon information and belief, in addition to certain temporary administrative "fixes" the OCA required the intervention of a court appointed "supervisor" to supervise the financial operations of the GREENBURGH JUSTICE COURT. The TOWN BOARD retained the services of RICHARD SANTORSOLA [hereinafter "SANTORSOLA"] in that capacity.

11.   In approximately September 2003, Plaintiff was employed as a store clerk at the Town of ELMSFORD Bed Bath & Beyond, [hereinafter BED BATH] along with a member of the Town of Greenburgh Police Department [hereinafter JOHN DOE].

12.   During their mutual employment at BED BATH, Plaintiff and DOE experienced personal and professional problems which led to a formal complaint of sexual harassment being lodged against DOE by BED BATH management.

13.   Upon information and belief the findings of sexual harassment by the BED BATH management were the basis for the removal of DOE from the ELMSFORD BED BATH and his transfer to another location.

14.   As a result of being disciplined above, DOE undertook a course of harassment toward Plaintiff which required the intervention of counsel and the "threat" of formal criminal charges as against DOE in order to secure a peaceful existence for Plaintiff SUSAN BRESCIA.

15.   Subsequently, in or about March 22, 2004, Plaintiff SUSAN BRESCIA applied for and received a position as an "Assistant Court Clerk" in the Justice Court of

the Defendant TOWN OF GREENBURGH. She received notification of her hiring from the Defendant TOWN OF GREENBURGH TOWN BOARD, via a written letter advising her of her employment and gave her a start date.

16.    During the scope of her employment, Plaintiff became a popular and trusted member of the staff which led to her appointment as a shop steward by the CSEA, despite the fact that she had not yet obtained permanent status and was a probationary employee.

17.    Upon her emplacement as a CSEA Shop Steward on or about August 31, 2004, the employees at the Greenburgh Justice Court advised Plaintiff not to take her job as a shop steward very seriously "if you want to keep your job". The employees indicated that there had been a long history of negligence, mismanagement, investigations and missing money at the Greenburgh Justice Court and that if she complained to anyone about the conditions there, BRESCIA could count on losing her job. Plaintiff was reminded that inasmuch as she was not yet vested as a permanent employee, it would be very easy to terminate her without any cause, notice, or justification. She was also reminded that since she was merely a nonpermanent employee her rights under the CSEA collective bargaining agreement had not yet vested and any termination prior to her appointment as a permanent position would leave her without recourse to the very CSEA union, for which she acted as Shop Steward.

18.    That upon information and belief, the management of the Greenburgh Justice Court continued with the same mismanagement, malfeasance and negligence as previously noted by the OCA, with the appointed "financial supervisor"

SANTORSOLA undertaking efforts to attempt to "cover up" the continued mismanagement and neglect previously cited by the OCA.

19.     That several of the Greenburgh Justice Court employees were disgruntled at both the management of the Court operations which included, but were not limited to: numerous cases where Youthful Offender (Y.O.) files were not sealed and as a result adverse and often incorrect information is being given out to the public; bail files are not being processed in a timely manner;  misdemeanor charging sheets from *1994, 1995, 1996, and 1998* were found in the Clerk's office whereupon one employee was given the task to schedule these defendants for criminal court some *ten (10) years* after they were given the misdemeanor ticket; another failure to timely reply to paid requests for Certificates of Disposition; criminal court files being incorrectly marked and, as a result, defendants who have been present in court have had warrants for their arrest because the files have been mis-marked; several instances of the arrest of certain residents for Aggravated Unlicenced Operation of a motor vehicle, an unclassified misdemeanor, due to the failure of the court to timely submit a disposition of the case to the Department of Motor Vehicles; as well as other instances of misapplication, destruction, loss, or misplacement of funds submitted to pay fines, traffic tickets, and bail.

20.     Plaintiff BRESCIA also voiced concerns over what she perceived as OSHA violations which she believed threatened the health and well being of the GREENBURGH TOWN COURT employees, including but not limited to complaints stemming from unhealthy diesel fumes which were making the Court employees sick.

21.    That virtually every employee of the Greenburgh Justice Court complained to
BRESCIA regarding these matters at one time or another raising concern and
alarm in the Plaintiff.

22.    That on several occasions, the Plaintiff BRESCIA approached SIA and
SANTORSOLA to complain about these issues within the court despite the
repeated warnings from co-workers that her job would be imperiled.

23.    That SIA and SANTORSOLA would secret away behind closed doors for hours
on end, having warned the employees and staff that they were "not to be disturbed
when the door was closed" for any reasons.

24.    That notwithstanding the foregoing, there were many occasions when Plaintiff and
others similarly situated were required to attempt to establish some contact
between SIA and SANTORSOLA, which attempts usually resulted in an uproar of
screaming, yelling, and other abusive conduct for which no cause or provocation
was given or warranted.

25.    That during the course of her employment with the TOWN OF GREENBURGH,
Plaintiff encountered additional harassment from DOE, upon information and
belief,  in retribution for the disciplinary action taken against him by the
ELMSFORD BED BATH.

26.    That when she complained to SIA regarding the harassment from DOE, she was
warned that " [SIA] did not want any trouble with the GPD."

27.    That in or about October 2004, BRESCIA, having received numerous complaints from the employees of GREENBURGH TOWN COURT that unsafe and unhealthy conditions existed in the Courthouse, herself complained to SIA that OSHA and HEALTH issues were present in the Courthouse. SIA ignored these allegations.

28.    That on or about Dec 2, 2004, there was an incident involving BRESCIA and DOE in GREENBURGH POLICE DEPARTMENT parking lot, wherein DOE raised certain allegations of harassment against BRESCIA as she approached him with a message from one of his friends.  The incident was the basis for DOE to file false allegations of harassment against BRESCIA in retaliation for his prior sanctioning by BED BATH.

29.    On or about January 2005 all assistant court clerks were notified that SIA and SANTORSOLA were in the process of scheduling night court that the assistant court clerks were going to be made to work nights at times past 9:00 P.M.  The GREEENBURGH TOWN COURT staff was quite upset and BRESCIA spoke out to SIA and SANTORSOLA on their behalf.  SIA and SANTORSOLA became annoyed, and advised BRESCIA that they would look into it.

30.    Thereafter, BRESCIA spoke to another shop steward regarding SIA'S behavior and rude comments directed towards BRESCIA while she was alone and also in front of co-workers.  He advised that in order to remain at the Court, she would have to learn to take it from SIA "because [Plaintiff] will be working for her while [she is] at the court and unless [BRESCIA] planned to leave [she] needs to live with it."

31.     Shortly thereafter, on or about March 8, 2005, Plaintiff was advised to remain in
        the GREENBURGH TOWN COURT during an unusually strong snow and ice
        storm.  All other Court employees were sent home, but BRESCIA was required to
        stay despite the fact that the Court was closed and that BRESCIA had a sick
        school aged child who was home ill.

32.     That on or about March 8, 2005, SIA and SANTORSOLA, acting with no
        apparent or actual authority; with no legal cause or justification; with malice, ill-
        will and an illegal purpose to wit: to silence Plaintiff BRESCIA for acting in her
        official capacity as CSEA shop steward and in conjunction with her August 31,
        2004 appointment as same, terminated Plaintiff BRESCIA two (2) weeks short of
        her appointment and acceptance as a fully vested and permanent employee of the
        TOWN OF GREENBURGH, which appointment would have vested on or about
        March 22, 2005.

33.     That on or about March 8, 2005, defendant SIA without the specific written
        authority to terminate Plaintiff for any reason, willfully and wrongfully terminated
        BRESCIA by means of a letter setting forth the terms of her termination, which,
        upon information and belief, violated the State and Local Civil Service Laws.

34.     That, upon information and belief, such termination was a wrongful termination
        for an illegal purpose as set forth more fully hereinafter, and that Defendant SIA
        violated State and Local Civil Service Laws adopted by the Defendant TOWN OF
        GREENBURGH in the termination of Plaintiff BRESCIA and in the failure to
        counsel the Plaintiff as an employee for which SIA claimed that she had authority

to supervise, all in contravention of Civil Service Laws.

35.     That immediately thereafter, on or about March 14, 2005, Plaintiff met with
        PAUL FEINER in his capacity as TOWN SUPERVISOR and was told that the
        operation of the GREENBURGH TOWN COURT was not his responsibility,
        despite his repeated press releases and publications as to the "success" of the
        modifications to the Court.

36.     On that same day, March 14, 2005, BRESCIA made an in person request from
        Defendant ALFREDA WILLIAMS, GREENBURGH TOWN CLERK
        ["WILLIAMS"] for a "Freedom Of Information Law [hereinafter "FOIL"]
        request, in writing demanding "any all documents relating to [her] employment
        with the Greenburgh Justice Court and the TOWN OF GREENBURGH,
        including but not limited to any discipline reports, notes, emails. . . .", which
        document was stamped as received on March 14, 2005, and signed by Defendant
        WILLIAMS.

37.     On March 14, 2005, during the application for her FOIL request, Plaintiff spoke
        with Defendant WILLIAMS and specifically requested that the issues regarding
        her termination be placed on the calendar for the TOWN OF GREENBURGH
        BOARD meeting, inasmuch as FEINER had denied any and all responsibility for
        same.

38.     WILLIAMS indicated that she would "let [Plaintiff] know if she could get
        [Plaintiff] on the calendar for the next TOWN BOARD MEETING on March 15,

2005. Upon information and belief, Defendant WILLIAMS never placed that call.

39.     Thereafter, on or about March 16, 2005, Plaintiff personally called Defendant
        WILLIAMS to ascertain whether or not Plaintiff was placed on the next TOWN
        OF GREENBURGH Town Board meeting.  WILLIAMS never responded.  On or
        about March 18, 2005, BRESCIA again called WILLIAMS regarding the
        placement of the issue on the calendar, whereupon Defendant WILLIAMS
        advised Plaintiff that "she never had any intension of putting the matter on the
        calendar - and that the Board had no intentions of meeting with [Plaintiff]."

40.     That upon information and belief, Plaintiff has and had a First Amendment right
        to redress her grievances to the TOWN BOARD, the sole entity empowered with
        the right to both hire and fire Plaintiff, which rights to free speech were violated
        by Defendant WILLIAMS.

41.     Thereafter, on or about March 21, 2005, two (2) days after the time to respond to
        the FOIL request had expired, Defendant WILLIAMS sent a letter to counsel for
        Plaintiff, indicating that "a complete copy of Ms. Brescia's personnel file per your
        Freedom of Information Law request dated March 14, 2005 is ready", and  that the
        file could be picked up after payment of the $7.00 fee.

42.     That what Plaintiff received was not "a complete copy of Ms. Brescia's personnel
        file per your Freedom of Information Law request dated March 14, 2005, rather it
        was a copy of only those documents compiled by the TOWN OF GREENBURGH
        and was completely devoid of any documentation from, of, or regarding the

GREENBURGH TOWN COURT, despite the delineation of such in the FOIL request.

43. That on or about March 28, 2005, Plaintiff BRESCIA met with Defendant PAUL FEINER at approximately 11:00 a.m., for the express purpose of advising him of the situation within the Court as well as the latest developments with Defendant WILLIAM'S refusal to allow her to redress her grievances at the open forum of the TOWN BOARD meeting; however, in response to Plaintiff's issues, FEINER stated that he "didn't want to hear about court" and that "nobody cares what happened to you, Sue" and virtually exonerated SIA by saying:   "Supervisors have no rules they can be as mean as they want."   FEINER indicated that he was no capable of doing anything because he was not in charge of the Court."

44. Thereafter, Defendants WILLIAMS and the TOWN OF GREENBURGH were advised that there was a violation of the FOIL request both in form and substance, inasmuch as the time for responding to Plaintiff's request had long since expired and that the documents supplied were, upon information and belief, intentionally devoid of any TOWN COURT documents.

45. Subsequently, on April 5, 2005, Defendant WILLIAMS required Plaintiff to "resubmit" another FOIL request for the express purpose of requesting GREENBURGH TOWN COURT files, which were previously specifically requested and excluded from the FOIL documents supplied.

46.    Finally, on or about May 9, 2005, two (2) months after the initial request for FOIL
documents and more than one (1) month after the second FOIL request,
Defendants SIA, WILLIAMS and the TOWN provided a second set of FOIL
documents which included seventy-three (73) pages of supporting documentation,
which, upon information and believe were "created" by defendants SIA and
WILLIAMS solely for the purpose of creating a plausible explanation for the
retaliatory termination of BRESCIA and the subsequent denial of her First
Amendment rights to free speech.

47.    Despite the fact that a cover letter written by Defendant SIA to Defendant
WILLIAMS addressed the highly personal and confidential nature of the
documents provided was drafted and placed with the FOIL documentation, on or
about May 9, 2005, when BRESCIA went to pick up these "sensitive documents"
they were left out in the open, without an envelope in plain view of any one who
happened to be in the Clerk's Office at the time, causing Plaintiff to become
highly anxious and upset.

48.    That, upon information and belief, the contents documentation provided by SIA,
WILLIMAS and the TOWN were documents that were fabricated by the
defendants and each of them to defraud the Plaintiff, any investigating body, and
the Court into believing that the termination of BRESCIA's employment was
valid, justified, and legal, when for all intents and purposes, it was not legal,
rather it was a wrongful termination.

## COUNT I
## CIVIL RIGHTS VIOLATION

49.    Plaintiff respectfully repeats and reiterates each and every allegation contained in

paragraphs 1 through 49 as though set forth in full herein and avers that the actions heretofore described constitute  Defendant SIA'S violation of Plaintiff's rights under 42 U.S.C. §1983.

## COUNT II
## CIVIL RIGHTS VIOLATION

50.    Plaintiff respectfully repeats and reiterates each and every allegation contained in paragraphs 1 through 49 as though set forth in full herein and avers that the actions heretofore described constitute Defendant WILLIAM'S violation of Plaintiff's rights under 42 U.S.C. §1983.

## COUNT III
## CIVIL RIGHTS VIOLATION

51.    Plaintiff respectfully repeats and reiterates each and every allegation contained in paragraphs 1 through 49 as though set forth in full herein and avers that the actions heretofore described constitute Defendant TOWN OF GREENBURGH'S violation of Plaintiff's rights under 42 U.S.C. §1983.

## COUNT IV
## RETALIATORY TERMINATION

52.    Plaintiff respectfully repeats and reiterates each and every allegation contained in paragraphs 1 through 49 as though set forth in full herein and avers that the actions heretofore described constitute SIA'S retaliatory termination of employment violation of Plaintiff's rights.

## COUNT V
## RETALIATORY TERMINATION

53.    Plaintiff respectfully repeats and reiterates each and every allegation contained in paragraphs 1 through 49 as though set forth in full herein and avers that the

actions heretofore described constitute TOWN OF GREENBURGH'S retaliatory termination in violation of Plaintiff's rights.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.    Plaintiff respectfully repeats and reiterates each and every allegation contained in paragraphs 1 through 49 as though set forth in full herein and avers that the actions heretofore described constitute SIA'S intentional infliction of emotional distress.

## COUNT VII
## CIVIL SERVICE LAW VIOLATION

55.    Plaintiff respectfully repeats and reiterates each and every allegation contained in paragraphs 1 through 49 as though set forth in full herein and avers that the actions heretofore described constitute SIA'S violation of Plaintiff's rights under the Civil Service Law §63.1 and Civil Service Rules § 4.5(b)(5)(iii).

## COUNT VIII
## CIVIL SERVICE LAW VIOLATION

56.    Plaintiff respectfully repeats and reiterates each and every allegation contained in paragraphs 1 through 49 as though set forth in full herein and avers that the actions heretofore described constitute TOWN OF GREENBURGH'S violation of Plaintiff's rights under the Civil Service Law §63.1 and Civil Service Rules § 4.5(b)(5)(iii).

**WHEREFORE,** the plaintiff demands judgment against the defendants:

on COUNT I of this complaint as follows:

(a)     for an order declaring that the actions of Defendant SIA violated Plaintiff's civil rights under 42 U.S.C.§1983, and the Fist and Fourteenth Amendments to the United States Constitution;

(c)     For an order declaring that Plaintiff is entitled, to compensatory damages in an amount set forth and determined by, the jury, together with prejudgment interest at the highest legal rate;

(d)     For an order awarding reimbursement of all litigation expenses incurred including, but not limited to, reasonable attorneys's fees and other costs of suit;

(e)     For an order awarding Plaintiff punitive damages; and

(f)     For an order awarding such other and further relief as this court may deem appropriate and equitable;

on COUNT II of this complaint as follows:

(a)     for an order declaring that the actions of Defendant WILLIAMS violated Plaintiff's civil rights under 42 U.S.C.§1983, and the Fist and Fourteenth Amendments to the United States Constitution;

(c)     For an order declaring that Plaintiff is entitled, to compensatory damages in an amount set forth and determined by, the jury, together with prejudgment interest at the highest legal rate;

(d)     For an order awarding reimbursement of all litigation expenses incurred including, but not limited to, reasonable attorneys's fees and other costs of suit;

(e)     For an order awarding Plaintiff punitive damages; and

(f)     For an order awarding such other and further relief as this court may deem
        appropriate and equitable;

on COUNT III of this complaint as follows:

(a)     for an order declaring that the actions of Defendant TOWN OF GREENBURGH
        violated Plaintiff's civil rights under 42 U.S.C.§1983, and the Fist and Fourteenth
        Amendments to the United States Constitution;

(c)     For an order declaring that Plaintiff is entitled, to compensatory damages in an
        amount set forth and determined by, the jury, together with prejudgment interest
        at the highest legal rate;

(d)     For an order awarding reimbursement of all litigation expenses incurred including,
        but not limited to, reasonable attorneys's fees and other costs of suit;

(e)     For an order awarding Plaintiff punitive damages; and

(f)     For an order awarding such other and further relief as this court may deem
        appropriate and equitable.

on COUNT IV of this complaint as follows:

(a)     for an order declaring that the actions of Defendant SIA terminated Plaintiff's
        employment for an illegal purpose in and in retaliation for statements made by
        Plaintiff;

(c)     For an order declaring that Plaintiff is entitled, to compensatory damages in an
        amount set forth and determined by, the jury, together with  prejudgment interest
        at the highest legal rate;

    (d)     For an order awarding reimbursement of all litigation expenses incurred including, but not limited to, reasonable attorneys's fees and other costs of suit;

    (e)     For an order awarding Plaintiff punitive damages; and

    (f)     For an order awarding such other and further relief as this court may deem appropriate and equitable;

on COUNT V of this complaint as follows:

    (a)     for an order declaring that the actions of Defendant TOWN OF GREENBURGH terminated Plaintiff's employment for an illegal purpose in and in retaliation for statements made by Plaintiff;

    (c)     For an order declaring that Plaintiff is entitled, to compensatory damages in an amount set forth and determined by, the jury, together with prejudgment interest at the highest legal rate;

    (d)     For an order awarding reimbursement of all litigation expenses incurred including, but not limited to, reasonable attorneys's fees and other costs of suit;

    (e)     For an order awarding Plaintiff punitive damages; and

    (f)     For an order awarding such other and further relief as this court may deem appropriate and equitable.

on COUNT VI of this complaint as follows:

    (a)     for an order declaring that the actions of Defendant SIA in the conduct and execution of Plaintiff's termination constituted an intentional infliction of emotional distress;

(b)     For an order declaring that Plaintiff is entitled, to compensatory damages in an amount set forth and determined by, the jury, together with prejudgment interest at the highest legal rate;

(c)     For an order awarding reimbursement of all litigation expenses incurred including, but not limited to, reasonable attorneys's fees and other costs of suit;

on COUNT VII of this complaint as follows:

(a)     for an order declaring that the actions of Defendant SIA violated Plaintiff's civil rights under the Civil Service Law §63.1 and Civil Service Rules § 4.5(b)(5)(iii);

(c)     For an order declaring that Plaintiff is entitled, to compensatory damages in an amount set forth and determined by, the jury, together with prejudgment interest at the highest legal rate;

(d)     For an order awarding reimbursement of all litigation expenses incurred including, but not limited to, reasonable attorneys's fees and other costs of suit;

(e)     For an order awarding Plaintiff punitive damages; and

(f)     For an order awarding such other and further relief as this court may deem appropriate and equitable;

on COUNT VIII of this complaint as follows:

(a)     for an order declaring that the actions of Defendant TOWN OF GREENBURGH violated Plaintiff's rights under the Civil Service Law §63.1 and Civil Service Rules § 4.5(b)(5)(iii);

(c)     For an order declaring that Plaintiff is entitled, to compensatory damages in an

amount set forth and determined by, the jury, together with prejudgment interest at the highest legal rate;

(d)     For an order awarding reimbursement of all litigation expenses incurred including, but not limited to, reasonable attorneys's fees and other costs of suit;

(e)     For an order awarding Plaintiff punitive damages; and

(f)     For an order awarding such other and further relief as this court may deem appropriate and equitable.

Dated:  White Plains, New York
        September 9, 2005

                                    _____
                                    JAMES MICHAEL LENIHAN (JML9282)
                                    Lenihan & Associates, LLC
                                    Attorney for Plaintiff
                                    235 Main Street, Suite 500
                                    White Plains, New York 10601
                                    (914) 949-8855